T.C. Summary Opinion 2001-117


UNITED STATES TAX COURT


ELISEO ARGOMANIZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18754-99S.          Filed July 31, 2001.


Eliseo Argomaniz, pro se.

<u>Ric D. Hulshoff</u>, for respondent.


    PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $4,006 in petitioner's 1998 Federal income tax. This Court must decide: (1) Whether petitioner is entitled to dependency exemption deductions for his niece and nephew; (2) whether petitioner is entitled to file as head of household instead of single; and (3) whether petitioner is entitled to the child care credit, the child tax credit, and the earned income credit.

Petitioner resided in Santa Ana, California, at the time he filed his petition.

During 1998, petitioner resided for part of the year at 2321 South Maple Street (South Maple) and for the other part of the year at 2018 Orange Avenue. Petitioner's two sisters and their 12 children lived with petitioner and his brother at the South Maple address from May 1, 1996, to October 30, 1998. Petitioner had been renting the property with his brother when both his sisters had problems with their husbands, which caused the sisters and children to reside with petitioner.

There are two children who are relevant to the issues in this case, Melissa, petitioner's niece, and Omar, petitioner's nephew. Melissa was born in 1995 and Omar was born in 1993. One of the sisters living with petitioner was Melissa's mother. The other sister living with petitioner was Omar's mother.

Petitioner and his brother worked in construction during 1998. His sisters were not working at that time, but one sister

was receiving some type of financial assistance from the Government. Petitioner did not know whether the fathers of the children were paying any child support. Petitioner testified that his brother "was actually responsible for all of us" and that "he was the one that would make more money than everyone".

The rent for the three bedroom house was $1,300 per month. Petitioner paid $400 of the $1,300 payments. Each week petitioner and his brother would spend about $200 on food. Of that amount petitioner would pay at least $50 a week. Petitioner would buy the children clothes when he would get spare money. Petitioner did not know how much it cost in total to support Melissa and Omar in 1998.

On his 1998 tax return, petitioner claimed Melissa and Omar as dependents and listed them as foster children. Petitioner also filed as head of household and claimed his niece and nephew for the child care credit, the child tax credit, and the earned income credit.

Respondent determined that petitioner was not entitled to claim his niece and nephew as dependents, that his filing status was single rather than head-of-household, and that he was not entitled to the child care, child tax, and earned income credits.

Section 151 allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Section 152(a) provides, in pertinent part, that a dependent includes an

individual over half of whose support in the taxable year was received from the taxpayer and whose principal place of abode for the taxable year is the home of the taxpayer and is a member of the taxpayer's household. Sec. 152(a)(9). In determining whether or not an individual received over half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself or herself supplied. Sec. 1.152-1(a)(2)(i), Income Tax Regs. Support includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

To establish that petitioner provided more than one-half of the claimed dependents' support, he must first show by competent evidence the total amount of support furnished by all sources for the year in issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). Petitioner has not offered competent evidence of the total amount of support provided for each of the claimed dependents in 1998. Aside from his testimony, petitioner presented no evidence to corroborate or substantiate any of the claimed support expenses, such as rent, or that these expenses were indeed paid by petitioner. In fact, based on petitioner's testimony, it appears that most of the family's expenses were

paid by petitioner's brother, with help from the Government. Without proper substantiation, the Court cannot conclude from the record that more than one-half of the support of each claimed dependent was provided by petitioner. Thus, petitioner has failed to establish that he provided over half of the total support for Melissa and Omar. Accordingly, we hold that petitioner is not entitled to claim his niece and nephew as dependents under section 151.

Respondent determined that petitioner's filing status should be changed from head of household to single. Section 2(b), in relevant part, defines head of household as an unmarried taxpayer who maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Sec. 2(b)(1)(A)(ii). Because we held that petitioner is not entitled to a deduction for either his niece or his nephew in 1998 under section 151, we also hold that petitioner may not claim head of household filing status. We sustain respondent's determination as to this issue.

Petitioner claimed a credit for child and dependent care expenses of $566 for 1998, which respondent disallowed. Section 21 provides, in part, that an individual who maintains a household which includes as a member a qualifying individual

shall be allowed a credit based on the expenses for household services and dependent care services incurred to enable the taxpayer to be gainfully employed. Sec. 21(a) and (b). Section 21(b)(1) defines, in pertinent part, a qualifying individual as a dependent of the taxpayer who is under the age of 13 and with respect to whom the taxpayer is entitled to a dependency exemption deduction.

We have held that petitioner is not entitled to dependency exemption deductions for his niece and nephew. Moreover, petitioner did not "maintain a household" because he did not show that he furnished over half the cost of maintaining the home. Sec. 21(e)(1). We sustain respondent's determination with respect to this credit.

Petitioner claimed a child tax credit of $473 for 1998, which respondent disallowed. Section 24(a) allows a credit for each qualifying child of the taxpayer. A "qualifying child" means any individual if the taxpayer is allowed a deduction under section 151 with respect to the individual for the taxable year, the individual has not attained the age of 17 by the close of the year, and the individual bears a relationship to the taxpayer described in section 32(c)(3)(B). Sec. 24(c). In this case, because petitioner is not allowed dependency exemptions under section 151 for his niece and nephew, they are not qualifying children. Petitioner does not qualify for the child tax credit

in 1998.  We sustain respondent's determination as to this issue.

Petitioner claimed an earned income credit of $1,857 for 1998, which respondent disallowed.  Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.  A qualifying child is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  To satisfy the relationship test in this case, the qualifying child must be an eligible foster child of petitioner. Sec. 32(c)(3)(B)(i)(III).  An eligible foster child is an individual for whom the taxpayer cares for as the taxpayer's own child and who has the same principal place of abode as the taxpayer for the taxpayer's entire taxable year.  Sec. 32(c)(3)(B)(iii).

The children resided with petitioner only until October 30, 1998.  They did not reside with him for the entire taxable year. Moreover, no evidence was presented that petitioner cared for his niece and nephew as his own children.  We find that the niece and

nephew are not eligible foster children with regard to petitioner.  Accordingly, we sustain respondent's determination as to the earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.